UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ETTA L. WRIGHT,

                       Plaintiff,     **DECISION AND ORDER**

                                            **1:15-CV-00415-MAT**

        -vs-

ANDREW SAUL,[1]
Commissioner of Social Security,

                       Defendant.
_____

## I.    **Introduction**

Plaintiff has filed a Motion for Attorney's Fees, seeking the amount of $13,507.63, pursuant to 42 U.S.C. § 406(b). Docket No. 16. Defendant filed a response on October 18, 2019, stating that he has no objection to Plaintiff's fee request. *See* Docket No. 19 at 1, 5. The matter is now fully submitted and ready for decision. For the reasons discussed below, Plaintiff's motion is granted.

## II.    **Background**

On December 27, 2017, this Court reversed the decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), and remanded the matter for further proceedings.

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of Social Security. Accordingly, his name is substituted for the originally-named defendant in this action. *See* Fed. R. Civ. P. 25(d).

*See* Docket No. 13. On February 6, 2018, the Court signed a stipulation entered into by the parties, whereby Plaintiff was awarded $5,665.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in full satisfaction of her claim pursuant to the EAJA, for her attorney's services performed in connection with this action. Docket No. 15.

On February 26, 2019, an Administrative Law Judge issued a favorable decision, finding Plaintiff disabled as of June 30, 2011. *See* Docket Nos. 16-2 at ¶ 9 & 16-4. Subsequently, on September 10, 2019, the Social Security Administration (SSA) issued to Plaintiff a Notice of Award, stating that she was entitled to past-due disability benefits. *See* Docket No. 16-5. The Notice of Award also provided that the SSA was withholding 25 percent of Plaintiff's past-due benefits, or $23,507.63, to pay her attorney's fees. *See id.* at 3.

Pursuant to the fee agreement signed by Plaintiff, her attorney is entitled to 25 percent of her past-due benefits. *See* Docket Nos. 16-2 at ¶ 5 & 16-3. Based on the above-referenced Notice of Award, the amount due to Plaintiff's attorney pursuant to the fee agreement is $23,507.63. Docket No. 16-2 at ¶ 10. Plaintiff's attorney has requested a reduced fee of $13,507.63, as he already received $10,000.00 in fees from the Social Security Administration, for representation of Plaintiff at the administrative level. *See* Docket Nos. 16-2 at ¶ 13 & 16-7.

Further, Plaintiff's attorney has already received the sum of $5,665.00 pursuant to the above-mentioned EAJA application and stipulation, and he states that he will refund this fee to Plaintiff once the instant request is granted. *See* Docket No. 16-2 at ¶ 18. Plaintiff's attorney has submitted the Notice of Award (Docket No. 16-5), the fee agreement (Docket No. 16-3), and his time records to date (Docket No. 16-8).

III. **Discussion**

Title 42, Section 406(b) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

"When a contingent fee has been agreed to by the parties, the district court must determine whether the fee is reasonable[,]" "giv[ing] due deference to the intent of the parties" while "not blindly approv[ing] every fee request made pursuant to a contingent agreement." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Mathematical calculations are not required, but the district court should determine whether the contingency percentage is within the 25 percent cap. *Id*. In addition, it should consider "whether there has been fraud or overreaching in making the agreement" and

"whether the requested amount is so large as to be a windfall to the attorney." *Id.* (citations omitted).

As an initial matter, Plaintiff's motion for attorney's fees is timely under the 14-day deadline specified in *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019). As noted above, the Notice of Award was issued on September 10, 2019, and Plaintiff's motion for attorney's fees was filed on September 18, 2019, only eight days after the issuance of the Notice of Award.

Plaintiff's fee request is also reasonable. The amount due to Plaintiff's attorney pursuant to the fee agreement - 25 percent of Plaintiff's past-due benefits - is $23,507.63. Plaintiff requests a fee of $13,507.63, which is less than 25 percent, due to his receipt of $10,000.00 in fees for work he performed on Plaintiff's case at the administrative level. Therefore, the contingency percentage is within the 25 percent cap authorized by § 406(b). Given that Plaintiff's attorney has not requested an increased fee amount, the Court concludes that there is no evidence of fraud or overreaching.

The Court further finds that the amount requested does not appear to be so large as to be a windfall to the attorney. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002); *see also* Docket No. 16-8. Plaintiff's counsel has spent a total of 32.8 hours preparing Plaintiff's case before the federal district court (*see* Docket No. 16-8), which yields an hourly rate of $411.82, and is

reasonable under the circumstances. *See, e.g., Smith v. Saul*, No. 18-CV-148F, 2020 WL 90761, at *2 (W.D.N.Y. Jan. 8, 2020) (approving attorney fee award of $22,838.88, which resulted in an hourly rate of $613.95) (citing *McDonald v. Commissioner*, No. 16-CV-926-FPG, 2019 WL 1375084, at *2-3 (W.D.N.Y. Mar. 27, 2019) (approving attorney's fees in the amount of $30,602.75 for 29.1 hours of work, which yields an hourly rate of $1,051.64) and *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 455-56 (W.D.N.Y. 2005) (approving attorney's fees in the amount of $38,116.50 for 42.75 hours of work, resulting in an hourly rate of $891.61)).

Plaintiff's counsel has worked on this case since May 2015, and he has represented Plaintiff at the administrative level since September 2013. *See* Docket Nos. 1 & 16-2 at ¶ 11. After multiple denials at the administrative level, *see* Docket No. 13 at 1-2, Plaintiff's counsel was ultimately successful in securing past-due disability benefits for Plaintiff. Counsel's work on Plaintiff's case included filing a 21-page motion for judgment on the pleadings (*see* Docket No. 8-1) and a 10-page reply brief (*see* Docket No. 11), which raised four separate arguments in support of Plaintiff's claim for benefits, which the Court found to be persuasive. Accordingly, given the fee agreement and the history of the case, the Court finds that Plaintiff's fee request is reasonable.

**IV.**     **Conclusion**

For the reasons discussed above, the Court grants Plaintiff's Motion for Attorney's Fees (Docket No. 16). Plaintiff is awarded attorney's fees in the amount of $13,507.63. The Commissioner is directed to release these funds. Upon receipt of the § 406(b) fee, Plaintiff's counsel shall return to Plaintiff the previously-received $5,665.00 in attorney's fees paid pursuant to the EAJA.

**IT IS SO ORDERED.**

*S/ Michael A. Telesca*
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:  March 5, 2020
        Rochester, New York